**Thomas L. CRAWFORD,**
**Plaintiff–Appellant,**

**v.**

**Tom LEVANDUSKI, Counselor, Green Haven Correctional Facility, Sergeant Keyser, Correctional Officer, Green Haven Correctional Facility, Deputy Superintendent Schneider, Green Haven Correctional Facility, Mail Clerk, L. Lyder, Foil Officer, V. Blaetz, Defendant–Appellees,**

**Glenn S. GOORD, Commissioner, DOCS, Christopher Artuz, Superintendent, Green Haven Correctional Facility, R. Sneddon, Correctional Officer, Defendants.**

Docket No. 01–0190.

United States Court of Appeals,
Second Circuit.

Sept. 13, 2002.

Thomas Crawford, Comstock, NY, pro se, for Appellant.

David Lawrence III, Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York (Mark Gimpel, Deputy Solicitor General, on the brief), New York, NY, for Appellees.

Present PIERRE N. LEVAL, GUIDO CALABRESI, and ROSEMARY S. POOLER, Circuit Judges.

### *SUMMARY ORDER*

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Thomas L. Crawford, a prison inmate, appeals from the district court's grant of summary judgment to the defendant-appellees on Crawford's complaint asserting claims under 42 U.S.C. §§ 1981, 1983, and 1985. Following *de novo* review of a magistrate judge's report and recommendation, the district court adopted the report and recommendation. The court granted summary judgment to the defendants on Crawford's claim that he was denied ac-

cess to the courts because defendants Lyder and Blaetz interfered with his legal mail and with his request for information about who processed his legal mail. Crawford did not claim that any meritorious pending legal action was adversely affected by Lyder's alleged interference with his mail, or by Blaetz's failure to provide him more quickly with the identity of the clerk who processed his mail.

The district court also granted summary judgment to the defendants on Crawford's claim that Sergeant Keyser acted with deliberate indifference to his safety by sending another inmate with whom Crawford had previously fought to Crawford's cellblock; Crawford and the other inmate subsequently got into another fight. The court found that the defendants were not on notice of any threat to Crawford's safety because the evidence showed that they were not aware of the first fight until after the second fight had occurred.

On Crawford's claim that the defendants retaliated against him for filing grievances and lawsuits, the court granted summary judgment because Crawford offered no evidence, beyond conclusory allegations, that any of the defendants' actions were motivated by retaliation. Finally, the district court granted summary judgement to the defendants on Crawford's claim under 42 U.S.C. § 1985 that the defendants engaged in a conspiracy to violate his civil rights. The court found that Crawford's conclusory allegations were insufficient to survive defendants' summary judgment motion, and that Crawford had not shown that any of his constitutional rights were violated.

We affirm for substantially the reasons given by the district court.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.